Alice Barnes, Ed.D., Deputy Superintendent Forrest City School District 845 North Rosser Street Forrest City, AR 72335
Dear Dr. Barnes:
This is in response to your request for an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B) (Repl. 2002 and Supp. 2003), for an opinion on what records you should release in response to a Freedom of Information Act ("FOIA") request. You state that a citizen has requested copies of records of all applicants for principal, assistant principal, and counselor from 1996 to the present. Your questions in this regard are as follows:
 Are teacher records exempt from the FOI Act? If so, what response should I give to the person requesting this information? And, if not, how do I determine what is considered a clear, unwarranted invasion of personal privacy?
You state that "[o]ur applications contain sensitive information regarding licensure, previous work history, educational background, names and addresses of personal references, confidential recommendation forms, social security numbers, birth dates, home addresses [and] telephone numbers."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether the decision of the custodian of records as to the release of personnel or evaluation records is consistent with the FOIA. The applicable provision of the Freedom of Information Act, A.C.A. §25-19-105(c)(3)(A) requires the custodian to "determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." (Emphasis added). Subsection (c)(3)(B)(i) authorizes the custodian, requester or the subject of personnel or evaluation records to seek an opinion from the Attorney General as to "whether the decision is consistent with this chapter." (Emphasis added).
In this case, you have not indicated your decision as to whether any records should be released. For this reason, I am unable to perform my statutory duty in this regard. I will set out below, however, some discussion of the applicable law, which should aid you in your response to the matter. I suggest you also consult the legal counsel to whom the school district normally looks for legal advice to determine how to respond to this request.
Although you have stated that the requester seeks copies of records of "all applicants for Principal, Assistant Principal, and Counselor from 1996 to the present time," it is not indicated whether the requester seeks primarily the job application documents, or also other personnel documents of teachers or administrators employed by the district. I assume from your request that the primary type of records at issue are the employment application and related documents.
In my opinion these application-related documents are properly classified as "personnel records" for purposes of the FOIA. The FOIA requires certain public records to be open to inspection and copying by citizens but also provides a lengthy list of records that are shielded from public inspection. In this regard the Act exempts from disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). This is the exemption about which you have inquired.
I have summarized the test for determining the release of personnel records as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998).
* * *
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y. Gen. 2004-260 at 2.
Although the test set out above obviously must be applied on a case-by-case basis, there are a number of previously issued Attorney General opinions discussing the types of records you list as falling within the request you have received. For example, as I stated in Op. Att'y. Gen. 2003-027 in another opinion involving a school district:
 Previous Attorney General Opinions reflect that job applications are generally subject to inspection and copying with any exempt information deleted. See, e.g., Ops. Att'y Gen. 2001-080; 98-102; 97-042; 96-190; 95-291; 95-113; 94-187; 93-421; 93-263; 93-114 and 90-248.[1] Not having reviewed the actual record, I lack sufficient information to determine what specific deletions are warranted. My predecessors have noted, and I agree, that it would be unusual for a job application to contain information sufficiently private to warrant withholding the record from public inspection. See Op. Att'y Gen. Nos. 2002-068 and 95-291. It should be noted, however, that certain information, such as . . . social security number . . . must be redacted prior to release.
* * *
 In addition, this Office has previously opined that the names of personal references listed on a resume are subject to inspection and copying. Ops. Att'y Gen. 2001-368 and 2001-080. My predecessor also concluded that the disclosability of the home telephone numbers of such references will depend upon whether they are listed or unlisted and any special privacy interests attendant thereto. See Op. Att'y Gen. 2000-306.
Id. at 2.
With regard to the education background of applicants, I stated in Op. Att'y. Gen. 2003-060 as follows:
 This office has previously opined, in Opinions too numerous to cite, that records reflecting the educational background of public employees are generally open to inspection under the FOIA. See e.g., Ops. Att'y. Gen. 98-202 and 94-319.
* * *
 Although certain individual academic records, such as school transcripts, may still be eligible for exemption when contained in personnel files, employee records reflecting a public employee's general educational background, including schools attended and degrees received, appearing for example on an employment application or resume, are open to public inspection under the FOIA.
Id. at 2. The release of such records is not generally considered to constitute a "clearly unwarranted invasion of personal privacy" under the exception for personnel records found at A.C.A. § 25-19-105(b)(13). Id.
With regard to the release of information on work history of school district job applicants, one of my predecessors had occasion to note that: "It has been concluded in Attorney General opinions too numerous to cite . . . that information related to work history of public employees is subject to disclosure under the act, and does not give rise to a "clearly unwarranted invasion of personal privacy." Op. Att'y. Gen.95-113 at 5. In my opinion this would include records relating to the licensure status of applicants or employees. See e.g., Op. Att'y. Gen.2003-034. Also noted in Op. Att'y. Gen. 95-113, however, is the following: "This office has previously concluded, in opinions too numerous to cite, that social security numbers should be excised from otherwise releasable personnel records under the FOIA." Id. at 6.
With regard to letters of recommendation, I recently stated in an opinion regarding school district records that "[i]t is my opinion that the recommendation forms and letters of recommendation constitute "personnel records" within the meaning of the FOIA and should be released." See Op. Att'y. Gen. 2003-381 at 3.
With regard to birth dates, more than one of my predecessors has concluded that birth dates appearing in school district records are available for public release. See Op. Att'y. Gen. 95-080. See also, Op. Att'y. 2000-306.
With regard to home addresses the following statement is relevant: "I note that although the FOIA does explicitly exempt from disclosure the home addresses of non-elected state, municipal, and county employees, see A.C.A. § 25-19-105(b)(13), it does not provide a similar exemption for the home addresses of school employees. However, this information could, under certain factual circumstances, be deemed private under the "clearly unwarranted" test discussed above." Op. Att'y. Gen. 2003-337 at 7.
With regard to telephone numbers, "[t]he Attorney General has consistently taken the position that unlisted telephone numbers should not be released." Op. Att'y. Gen. 2002-069, citing Op. Att'y Gen. No.99-054. I also stated in Opinion No. 2003-027 that: ". . . listed telephone number[s] can also be redacted if the facts are such that [the employee] has a heightened privacy interest in this information [e.g., if it is likely to be used to harass her and its disclosure does not further the purposes of the FOIA]. See Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998) and Ops. Att'y Gen. Nos. 1999-360; 99-049; 99-016."
I hope the foregoing is helpful in making your determination as to what records to release. Again, you should confer with the attorney to whom the district normally looks to for legal advice in making your decision. I do not have access to all the pertinent school district records and your attorney is the proper person to review the documents and advise you in making your determination. As noted above, job applications are generally subject to release, with redactions for any specific information exempted by any provision of law, whether listed in the FOIA or elsewhere. All of the opinions cited above are available on my official website (www.ag.state.ar.us), along with a great number of other opinions that may aid you in your determination with regard to particular information.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] In Op. Att'y. Gen. 96-190, one of my predecessors stated that this rule applies whether the applications are of successful or unsuccessful applicants. Id. at 2 (stating that "[t]his office has consistently opined that job applications, whether of successful or unsuccessful applicants, are generally subject to disclosure under the act. See Att'y Gen. Ops. 95-291; 95-113; 93-263; 93-114; 90-248; 88-133; 87-189; 87-154; 87-108; and 87-70. It has been opined that, with regard to unsuccessful applicants for employment, there is no applicable exception, and the applications must therefore be disclosed. [Footnote omitted.] See Op. Att'y Gen. 95-291. It has also been opined, however, that with regard to successful applicants, as is the case here, the applications are subject to inspection and copying except to the extent that their release would constitute a "clearly unwarranted invasion of privacy." See A.C.A. §25-19-105(b)(10) and Ops. Att'y Gen. 95-113, 94-187 and 94-178").